10-2021-bk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February, two thousand eleven.

PRESENT:   ROSEMARY S. POOLER,
           PETER W. HALL,
                   *Circuit Judges,*
           JOSEPH F. BIANCO,[*]
                   *District Judge.*

---

IN RE: ORPHIA SADIE WILSON,

     *Debtor*.

---

ORPHIA SADIE WILSON,

     *Appellant*,

     v.                                                    10-2021-bk

DEUTSCHE BANK NATIONAL TRUST,

     *Appellee*.

---

[*]Judge Joseph F. Bianco, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:                Orphia Sadie Wilson, *pro se*, Windsor, CT.

FOR APPELLEE:                Brian M. LaMacchia, Goodwin Proctor LLP, Boston, MA.

Appeal from a judgment of the United States District Court for the District of Connecticut (Droney, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Orphia Sadie Wilson, proceeding *pro se*, appeals the district court's judgment dismissing her appeal from a bankruptcy court order granting the motion of Appellee Deutsche Bank National Trust Co. ("DBNTC") to dismiss her complaint in her adversary proceeding. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"The rulings of a district court acting as an appellate court in a bankruptcy case are subject to plenary review." *In re Stoltz*, 315 F.3d 80, 87 (2d Cir. 2002). Consequently, "[i]n an appeal from a district court's review of a bankruptcy court decision, we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo." *In re Enron Corp.*, 419 F.3d 115, 124 (2nd Cir. 2005) (quotation omitted).

Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction over claims that effectively challenge state-court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). After the doctrine was modified by the Supreme Court in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), we held that there are four requirements that

2

must be met before the *Rooker-Feldman* doctrine may apply: (1) "the federal-court plaintiff must have lost in state court;" (2) "the plaintiff must complain of injuries caused by a state-court judgment;" (3) "the plaintiff must invite district court review and rejection of that judgment;" and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotation marks and alterations omitted). Because dismissal under the *Rooker-Feldman* doctrine is for lack of subject matter jurisdiction, this Court reviews de novo a court's application of the doctrine. *Id.* at 83.

Here, application of the *Rooker-Feldman* doctrine was warranted in light of the connection between Wilson's federal complaint and the state court default foreclosure judgment in favor of DBNTC. First, the foreclosure judgment in favor of DBNTC indicates that Wilson "lost" in state court. *See Hoblock*, 422 F.3d at 85. Second, Wilson instituted adversary proceedings against DBNTC in order to "complain of injuries caused" by the state court foreclosure judgment, *see id.*, as the crux of her complaint was that DBNTC wrongfully foreclosed on the property in question. Third, in filing her complaint, Wilson "invite[d] [federal] court review and rejection" of the state court foreclosure judgment, *see id.*, as she explicitly sought reversal of that judgment and re-vestment of title through her argument that DBNTC had lacked standing to foreclose. Fourth, the foreclosure judgment was rendered in June 2008, over five months before she filed her Chapter 7 bankruptcy petition and adversary complaint. *See id.* Accordingly, we conclude that the bankruptcy court correctly dismissed Wilson's complaint pursuant to the *Rooker-Feldman* doctrine. As a result of this conclusion, we are not required to consider Wilson's argument that the Connecticut state court order denying her motion to open and vacate the foreclosure judgment was void, because it was issued in violation of the automatic

3

stay provisions of 11 U.S.C. § 362(a).

We have considered Wilson's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
